ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CV 12-0079 JST(JPRx) |
| Plaintiff, | ) |
| vs. | ) **CONSENT JUDGMENT OF FORFEITURE** |
| REAL PROPERTY LOCATED AT 440 FAIR DRIVE, COSTA MESA, CALIFORNIA, (D'ALESSIO INVESTMENTS, LLC), | ) |
| Defendant. | ) |
| DENNIS D'ALESSIO, D'ALESSIO INVESTMENTS, LLC, CENTENNIAL BANK, | ) |
| Claimants. | ) |

13311.13:1595192.33311.13:1595192.13311.13:1594220.2     1

This action was filed on January 18, 2012. Notice was given and published in accordance with law. Claimant and titleholder D'Alessio Investments, LLC ("D'Alessio Investments") filed a claim on February 24, 2012. Claimant Dennis D'Alessio ("D'Alessio") filed a claim on February 24, 2012. Claimant Centennial Bank ("Centennial") filed a claim on March 2, 2012, in conjunction with the loan ("Loan") in the original principal amount of $3,784,300.00, as evidenced by a Promissory Note (the "Note") dated June 19, 2008 and executed by D'Alessio Investments in the original principal amount of $3,784,300.00, which Note is secured by, among other documents, a Deed of Trust (the "Deed of Trust"), dated June 19, 2008, executed by D'Alessio Investments and recorded with the Official Records for the County of Orange, State of California, as instrument no. 2008000306018. (The Note, Deed of Trust and all other documents executed in connection with the Loan, or perfecting a security interest granted in connection with the Loan, shall hereinafter be referred to as the "Loan Documents"). No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government"), D'Alessio Investments, D'Alessio and Centennial have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against this property, and hereby request

that the Court enter this Consent Judgment of Forfeiture ("Consent Judgment").

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located at 440 Fair Drive, in Costa Mesa, California; (b) "claimants' property" shall mean any real property that D'Alessio Investments and D'Alessio own, maintain, control or manage, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2. This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3. On or about January 18, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4. D'Alessio Investments, D'Alessio and Centennial filed claims to the defendant property. No other claimant has appeared in this action.

5.  Notice of this action has been given in accordance with law.  No appearances having been made in this action by any person other than D'Alessio Investments, D'Alessio and Centennial, the Court deems that all other potential claimants admit the allegations of the Complaint to be true.  The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6.  D'Alessio Investments shall retain possession of and title to the defendant property, and in consideration thereof, D'Alessio Investments, D'Alessio and Centennial agree to abide by the terms of this Agreement.  D'Alessio Investments and D'Alessio shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below.  If D'Alessio Investments or D'Alessio fail to comply with any of the terms of paragraph 7, or if Centennial fails to comply with Paragraph 8, or if applicable, Paragraph 7, the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 9 below.

7.  Neither D'Alessio Investments, nor D'Alessio (nor Centennial, if required under Paragraph 8 below) shall use or occupy the defendant property, nor shall they allow the defendant property to be used or occupied, for any illegal purpose.  Each of D'Alessio Investments and D'Alessio (and

Centennial, if required under Paragraph 8 below) shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto.  D'Alessio Investments and D'Alessio (and Centennial, if required under Paragraph 8 below) shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimants' property to (a) any former tenant who used or occupied any of claimants' property for any illegal purpose; or (b) any person D'Alessio Investments and D'Alessio (and Centennial, if required under Paragraph 8 below) have reason to believe may use or occupy the claimants' property for any illegal purpose.  D'Alessio Investments and D'Alessio (and Centennial, if required under Paragraph 8 below) shall not knowingly allow any of the claimants' property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimants' property.[1]

   8.   In the event that Centennial becomes the owner of the defendant property whether as a result of foreclosure of the Deed of Trust or otherwise, Centennial acknowledges that it will be required to comply with the provisions of Paragraph 7 above.

---

[1] The government is currently informed and believes that there is no location of any claimant's property currently listed in any such publications.

9. In the event that any of D'Alessio Investments or D'Alessio (or Centennial, if required under Paragraph 8 above) fail to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of each non-complying claimants' interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below. In the event of forfeiture, the Orange County Recorder shall index this Judgment in the grantor index under the name of D'Alessio Investments, LLC and in the grantee index in the name of the United States of America. If the government believes that D'Alessio Investments, D'Alessio or Centennial have failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to D'Alessio Investments, D'Alessio and Centennial (as well as their respective undersigned counsel), describing the provision believed to have been violated. D'Alessio Investments, D'Alessio and/or Centennial shall have fifteen (15) days from its receipt of such notice to cure the violation. In order to cure the violation, D'Alessio Investments, D'Alessio and/or Centennial shall immediately initiate steps which the government deems to be sufficient to cure the violation (e.g., initiation of an unlawful detainer action) and thereafter continue and complete all reasonable and necessary steps to produce

compliance as soon as reasonably practicable.  If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of D'Alessio Investments, D'Alessio or Centennial to timely cure the violation.  The government shall provide claimants with all necessary proof and information that supports its allegation that there has been non-compliance.  D'Alessio Investments, D'Alessio and/or Centennial shall have fifteen (15) court days from the receipt of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may

1  evict any and all persons, pets, livestock, and personal
2  property from the defendant property as it deems necessary or
3  appropriate.  A "filed"-stamped copy of this Consent Judgment
4  accompanied by a "filed"-stamped copy of a Notice of
5  Noncompliance and Forfeiture and/or order of the Court, shall be
6  sufficient to establish the forfeiture of the defendant
7  property.  In the event that the defendant property is forfeited
8  to the government, D'Alessio Investments, D'Alessio and
9  Centennial agree that the United States Marshals Service may
10 proceed to sell the defendant property.  Thereafter, the United
11 States Marshals Service, or its representatives, shall promptly
12 proceed to dispose of the defendant property and to distribute
13 any proceeds from the sale in accordance with the law.
14      10.  Upon the filing of this Consent Judgment, the United
15 States Marshals Service, or its representatives, shall be
16 allowed to enter the defendant property for purposes of
17 inspection and inventory.  Such entry shall be permitted by
18 D'Alessio Investments, D'Alessio and Centennial at a reasonable
19 time to be agreed upon by the parties.  Absent such agreement,
20 the government may apply to the Court for a writ of entry for
21 purposes of protecting the government's interests in the
22 defendant property, in connection with which D'Alessio
23 Investments, D'Alessio or Centennial may request a hearing.

11. This Consent Judgment shall only be recorded in accordance with the provisions of paragraph 9 above.

12. The government shall withdraw its recorded lis pendens upon entry of this Consent Judgment.

13. D'Alessio Investments and D'Alessio have agreed to forfeit all right, title and interest in the bank account funds in the amount of $7,518.40, seized from Commerce West Bank account number xxxxx91, held in the name of D'Alessio Investments, on or about January 27, 2012 (AFTRAK # 95120022-01) ("bank funds"). D'Alessio Investments and D'Alessio shall not challenge, or assist any other person or entity in falsely challenging, the administrative forfeiture of the seized bank funds, and shall withdraw any filed claim to such funds immediately. D'Alessio Investments and D'Alessio have waived all constitutional and statutory challenges to forfeiture of the bank funds on any ground, including that the forfeiture constitutes an excessive fine or punishment.

14. Except as otherwise set forth in this Consent Judgment and in particular in Paragraph 9 above, D'Alessio Investments, D'Alessio and Centennial have released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration and the Internal Revenue Service, from any and all claims, defenses, actions, or liabilities

arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by them or on their behalf.

    15.  By executing this Consent Judgment, D'Alessio Investments and D'Alessio, and each of them, acknowledge and agree that in the event of any violation of this Consent Judgment by either D'Alessio Investments or D'Alessio that is uncured as determined pursuant to the terms and procedures set forth in Paragraph 9 above, Centennial shall be entitled to immediately declare the Loan in default and immediately proceed with enforcing all of Centennial's rights and remedies under the Loan Documents, including, without limitation, foreclosure of the Deed of Trust, without any further notice except as may be required under the Loan Documents or in accordance with applicable law.  The government acknowledges that Centennial shall not be required to declare the Loan in default and/or to proceed to enforce any of Centennial's rights and remedies under the Loan Documents, including, without limitation, foreclosure of the Deed of Trust, prior to the expiration of any applicable cure period under this Consent Judgment in order for Centennial to establish that Centennial is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  Centennial agrees and the government acknowledges that Centennial will not seek to enforce its rights

and remedies under the Loan Documents until such time as the expiration of the cure provisions set forth in Paragraph 9 above.

16. The parties shall each bear their own costs and attorneys' fees in this action.

17. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

18. This Consent Judgment may be executed in any number of counterparts so long as each signatory hereto executes at least one such counterpart. Each such counterpart shall constitute one original, but all such counterparts taken together shall constitute one and the same Consent Judgment.

19. All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates: (i) the date when actually delivered if delivered in person to the recipient; (ii) on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii) on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

1  To the Government:  P. Greg Parham, Assistant U.S. Attorney,
2  Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los
3  Angeles, CA 90012.
4  To D'Alessio:  233 19th St., Apt. A, Newport Beach, CA 92663,
5  with a copy to Janet Sherman, 2115 Main Street, Santa Monica, CA
6  90405.
7  To D'Alessio Investments:  440 Fair Drive, Costa Mesa, CA 92626
8  with a copy to Janet Sherman, 2115 Main Street, Santa Monica, CA
9  90405.
10 
11 To Centennial:  Centennial Bank, 18837 Brookhurst Street, Suite
12 100, Fountain Valley, CA 92708, Attn:  Jim Lasher; E-Mail:
13 JLasher@centennialbank.com; with a copy to:  Ervin Cohen &
14 Jessup LLP, 9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA
15 90212, Attn: Kenneth Miller, Esq.; E-Mail: kmiller@ecjlaw.com.
16 Any notice so given by mail shall be deemed to have been given
17 as of the date of delivery (whether accepted or refused)
18 established by the U.S. Post Office return receipt or the
19 overnight courier's proof of delivery, as the case may be.
20 
21      20.  Execution by Parties.  This Consent Judgment shall
22 only be effective and shall only be binding on the parties if it
23 is executed by the government, D'Alessio, D'Alessio Investments
24 and Centennial and approved by the Court.  This Consent Judgment
25 may be executed by transmitting an executed signature page by e-
26 mail in PDF format to the other parties, and by promptly sending
27 
28 

13311.13:1595192.33311.13:1595192.13311.13:1594220.2                            12

1  to all other parties an originally executed signature page;
2  provided, however, that if a party fails to subsequently send an
3  originally executed signature page to all other parties, the
4  Consent Judgment shall remain validly executed by PDF format
5  signature.
6
7  Dated: May 03, 2012      _____
                            THE HONORABLE JOSEPHINE STATON TUCKER
8                           UNITED STATES DISTRICT JUDGE

13311.13:1595192.33311.13:1595192.13311.13:1594220.2                    13